Benjamin T. Robbins, Respondent, *v.* Jesse Carll, Appellant.

Interest is properly allowable upon an account for work done after presenta-
tion and demand for payment.

(Submitted October 11, 1883 ; decided October 26, 1883.)

This was an action to recover for extra work alleged to have
been done by plaintiff in altering and repairing defendant's
dwelling.   The questions determined and the facts pertinent
thereto appear in the following extract from the opinion.

"The plaintiff employed a plumber to do extra work ordered
by the defendant, and the plumber rendered a bill of the items
of the work done by him.   The plaintiff, with the bill in his
hands while testifying, stated that the articles mentioned in
the bill were put in defendant's house by defendant's direction.
Plaintiff's counsel then offered the bill in evidence.   Defend-
ant's counsel objected to it as incompetent, immaterial, irrele-
vant, and as included in the three contracts, and the objections
were overruled, the referee saying that he admitted it as a
memorandum of the materials and labor furnished on the house,
but not as evidence of the value of the labor.   It was not
admitted to prove the items.   But the plaintiff having stated
substantially that the items were correct, the paper was received

simply as a statement or memorandum of the items.   Besides, the items were subsequently fully proved by the plumber himself.   Hence no rule of law was violated by the receipt of this memorandum, and no damage was thereby done to the defendant.

"We think the interest was properly allowed within the principles laid down and recognized in the case of *White* v. *Miller* (78 N. Y. 393; 34 Am. Rep. 544).   The defendant had promised to pay and was liable to pay for the extra work when it was finished.   The plaintiff demanded payment.   He was told by the defendant to call upon him on Monday after he had finished the work, and that he would then settle with him. Plaintiff called upon him on Monday, and told him that he had called to settle, and asked him for a small bill which he had paid, and for which he was entitled to credit upon plaintiff's bill.   The defendant replied that he would not furnish any bill, and that he never would settle with plaintiff, nor pay him another dollar, and that he would resist payment if sued.   If the presentation of an account and demand were necessary to set the interest running upon plaintiff's claim, what took place at that interview was clearly sufficient."

*Thomas Young* for appellant.

*Henry C. Platt* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.